UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

___

WAEL MAHMOUD MAHMOUD,

        Petitioner,

    v.

                                                         Case No. 20-C-0116

STATE OF WISCONSIN,

        Respondent.

___

**SCREENING ORDER**

___

Plaintiff Wael Mahmoud Mahmoud, proceeding without counsel, filed a petition captioned as a Notice of Removal naming the State of Wisconsin as the respondent. Mahmoud's petition is before the court on his motion for leave to proceed without prepaying the filing fee. Mahmoud is required to pay the statutory filing fee for this action. *See* 28 U.S.C. § 1915(b)(1). If a litigant does not have the money to pay the filing fee, he or she can request leave to proceed *in forma pauperis*. Here, it appears that Mahmoud is indigent, so the filing fee will be waived.

Notwithstanding the fact that Mahmoud has been granted leave to proceed *in forma pauperis*, the court has a duty to review his filing to see if it has subject matter jurisdiction over this petition. *See Smoot v. Mazda Motors of Am., Inc.*, 469 F.3d 675, 678 (7th Cir. 2006) ("federal courts are required to police their jurisdiction."). Subject matter jurisdiction cannot be waived and may be "raised *sua sponte* by the court at any point in the proceedings." *Hawxhurst v. Pettibone Corp.*, 40 F.3d 175, 179 (7th Cir. 1994). In other words, this court cannot hear Mahmoud's petition if it lacks subject matter jurisdiction, established through diversity citizenship of the parties under

28 U.S.C. § 1332 or pursuant to a federal question under 28 U.S.C. § 1331. I will now proceed to screen Mahmoud's petition to see if the court can exercise jurisdiction over it.

Mahmoud states that the purpose of his filing is to petition the court to remove the bail jumping misdemeanor and disorderly conduct charges from his record as these are obstacles for naturalization and his career. He recounts his assistance to the United States military in Kuwait and Iraq from 2003 until 2011, the unraveling of his marital relationship that began in Appleton, Wisconsin, the altercations resulting in charges of bail jumping and disorderly conduct, and the finalization of his divorce, which resulted in Outagamie County Circuit Court awarding him the marital residence where he presently lives with his two daughters. Mahmoud asserts that counsel who represented him in 2014 was ineffective for failing to advise him on the consequences of waiving his rights and pleading no contest to the bail jumping misdemeanor charge. For this reason, he filed a motion to reopen his case in Outagamie County Circuit Court–Branch 2 on September 23, 2019, but Judge Emily Lonegran denied his motion and advised him to submit the present notice of removal in federal district court.

Despite this advice (which Mahmoud may have misunderstood), federal district courts do not have the inherent authority to expunge criminal records nor does Mahmoud's filing establish another source of jurisdiction. As a Wisconsin resident petitioning the state of Wisconsin, Mahmoud lacks any ground to establish diversity jurisdiction. *See* 28 U.S.C. § 1332(a)(1). Likewise, there is no federal law that exists for Mahmoud to plead a federal question based on his petition. Federal question jurisdiction requires that the plaintiff set forth a substantial question of federal law. *Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 27–28 (1983). The Seventh Circuit has concluded, however, that "[n]o statute vests the court with the general power to expunge the judicial record of a criminal case on purely equitable grounds." *Id.* at 300. In

2

limited situations, district courts may have ancillary jurisdiction over petitions for expungement, but *not* on purely equitable grounds. *Id.* at 303 (emphasis added). Since Mahmoud was not charged in federal court nor does he have any other case before me, there is no circumstance that establishes subject matter jurisdiction or ancillary jurisdiction over this matter.

Simply put, there is no relief that a federal district court can offer Mahmoud based on his filing. If he is unsatisfied with the decision of a state court circuit judge, he can appeal through the state courts. Accordingly, his petition will be dismissed for lack of jurisdiction.

**IT IS THEREFORE ORDERED** that the motion to proceed without prepaying the filing fee (Dkt. No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** the petition is **DISMISSED** for lack of jurisdiction. The Clerk shall enter judgment accordingly.

Dated at Green Bay, Wisconsin this 29th day of January, 2020.

s/ William C. Griesbach
William C. Griesbach, District Judge
United States District Court

This order and the judgment to follow are final. The plaintiff may appeal this court's decision to the Court of Appeals for the Seventh Circuit by filing in this court a notice of appeal within **30 days** of the entry of judgment. *See* Fed. R. App. P. 3, 4. This court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the 30-day deadline. *See* Fed. R. App. P. 4(a)(5)(A). If the plaintiff appeals, he will be liable for the $505.00 appellate filing fee regardless of the appeal's outcome. If the plaintiff seeks leave to proceed *in forma pauperis* on appeal, he must file a motion for leave to proceed *in forma pauperis* with this court. *See* Fed. R. App. P. 24(a)(1).

Under certain circumstances, a party may ask this court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within **28 days** of the entry of judgment. Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one year after the entry of judgment. The court cannot extend these deadlines. *See* Fed. R. Civ. P. 6(b)(2).

A party is expected to closely review all applicable rules and determine, what, if any, further action is appropriate in a case.